21-6071-ag
*Hazary v. Garland*

BIA
Schoppert, IJ
A200 209 741

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty-three.

Present:

> BARRINGTON D. PARKER,
> WILLIAM J. NARDINI,
> *Circuit Judges*.
> JED S. RAKOFF,
> *District Judge.*[1]

---

BILLAL HAZARY,

> *Petitioner*,

v.                                                                 21-6071-ag

MERRICK B. GARLAND, United States Attorney General,

> *Respondent*.

---

For Petitioner:          GIUSEPPE SCARCELLA (Thomas V. Massucci, Law Office of Thomas V. Massucci, New York, N.Y., *on the brief*), New York, N.Y.

---

[1] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

For Respondent:    ANDREW OLIVEIRA, Trial Attorney, (Brian Boynton, Acting Assistant Attorney General; Justin Markel, Senior Litigation Counsel, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Billal Hazary, a native and citizen of Bangladesh, seeks review of a February 3, 2021, decision of the Board of Immigration Appeals ("BIA") affirming a June 19, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Billal Hazary,* No. A 200 209 741 (B.I.A. Feb. 3, 2021), *aff'g* No. A 200 209 741 (Immig. Ct. N.Y. City June 19, 2018). Specifically, the IJ denied Hazary's application for relief because of his adverse credibility finding, which was based on several inconsistencies in Hazary's asylum applications, testimony, and credible fear interview. We assume the parties' familiarity with the case.

We have considered the IJ's decision as modified and supplemented by the BIA. *See Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review adverse credibility determinations for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), treating the agency's factual determinations as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

The IJ may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which

2

the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency . . . goes to the heart of the applicant's claim." *Id.* § 1158(b)(l)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Hazary claims that the inconsistencies identified by the IJ do not amount to substantial evidence supporting the adverse credibility determination. We disagree. For example, Hazary made clearly inconsistent statements regarding whether his father participated in any political activities. In an affidavit submitted in support of his 2012 asylum application, Hazary averred that his "family members were *never* involved in *any* political activity so they did not suffer" as he did. Certified Administrative Record ("CAR") 311 (emphasis added). However, in a March 2015 addendum to his asylum application, Hazary stated that his father "is an ardent supporter of the BNP," "was the President of Ward # 4 Unit of No. 16 Baropara Union in the District of Comilla" (where they lived), and "used to discuss BNP's politics with his customers, friends and associates at the store and at our house." *Id.* at 286. That political activity "motivated" Hazary "to join the BNP at a later date." *Id.* Hazary reiterated those statements at his 2018 removal hearing; when asked why he joined the BNP, Hazary stated: "Because my father was previously involved in BNP, so . . . I started too." *Id.* at 88. Hazary then elaborated that his "father was actually the President in [their] ward." *Id.* at 97.

On cross-examination, the Government asked Hazary why, if his "father had such a role in the BNP," Hazary's earlier affidavit disclaimed any political involvement by his family members. *Id.* at 98. Hazary replied, "I think maybe it's a typing mistake if it was written that way." *Id.* He

3

explained that his "father left the political world in 2006 . . . when BNP was in power." *Id.* The IJ found these explanations unpersuasive, noting that the preparer of the affidavit "certified that the responses were provided by the applicant and the completed application was read to the applicant in his . . . native language, prior to [his] signing the application." *Id.* at 43. The IJ's "consideration and rejection of [Hazary's] attempt to explain one of the . . . major inconsistencies in the record is sufficient to support the adverse credibility determination." *Diallo v. Gonzales*, 445 F.3d 624, 631 (2d Cir. 2006).

Accordingly, substantial evidence supports the adverse credibility determination. *See Hong Fei Gao*, 891 F.3d at 76. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court